forth in CPLR 3026. "[T]he burden is expressly placed upon one who attacks a pleading for deficiencies in its allegations to show that he is prejudiced. It was thus sought to discourage time-consuming pleading attacks which were unlikely to result in a final disposition of the action on the merits (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3026.02) and which would have a tendency to defeat the over-all objective of the Civil Practice Law and Rules 'to secure the just, speedy and inexpensive determination of every civil judicial proceeding.' (See CPLR 104.)" *(Foley v D'Agostino,* 21 AD2d 60, 65–66.) If defendants have legitimate defenses, the claim can and should be disposed of on the merits. To dismiss the stricken causes of action for the reasons defendants assert would be to return to a hypertechnical standard of pleading which has properly been disapproved and discarded. The parties should proceed to trial of this action which is now more than two years old. (Appeal from order of Niagara Supreme Court—summary judgment.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ VIRGINIA L. KRAFT, Appellant, v AMELIA M. SOMMER et al., Respondents. (Appeal No. 2.)—Appeal unanimously dismissed as moot. (Appeal from order of Erie Supreme Court—reargument.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ SARAH J. PECKHAM, as Administratrix of the Estate of SAM O. PECKHAM, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 56994.) (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: The State's appeal in each of these cases is based upon its contention that it was not negligent in the construction, maintenance or marking of the highway where the accident occurred, but that even if it was negligent, such negligence was not the proximate cause of the accident. There was ample evidence to support the trial court's finding that at the point of the accident the State had violated its own rule for traffic regulation (Manual of Uniform Traffic Control Devices, § 262.1; 17 NYCRR 262.1), requiring highway markings to warn motorists not to pass where clear sight distances are less than 1,000 feet. The Clark automobile, which collided with the one in which the plaintiffs were riding, attempted to pass a vehicle ahead of it at this point where the sight visibility and the dotted line in the middle of the road indicated that a vehicle could pass with safety. Unfortunately, the plaintiff's vehicle was then in a depressed area of the highway, approaching from the opposite direction and not visible to Clark. It then suddenly appeared in front of Clark and the head-on collision occurred. The evidence reveals that this highway condition had existed for a considerable period of time. The record supports the trial court's conclusion that the State's negligence was the proximate cause of the accident. The State does not question the findings as to damages. (Appeal from judgment of Court of Claims—negligence—highway.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ SARAH J. PECKHAM, Individually, and as Parent of VICTORIA PECKHAM, an Infant, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 56995.) (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *Peckham v State* (54 AD2d 599, decided herewith). (Appeal from judgment of Court of Claims—negligence—highway.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ SARAH J. PECKHAM, Individually, and as Parent of KENNETH PECKHAM, an Infant, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 56996.) (Appeal No. 3.)—Judgment unanimously affirmed. Same memorandum as in *Peckham v State* (54 AD2d 599, decided herewith). (Appeal from

judgment of Court of Claims—negligence—highway.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ SARAH J. PECKHAM, Individually, and as Parent of DUANE PECKHAM, an Infant, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 56997.) (Appeal No. 4.)—Judgment unanimously affirmed. Same memorandum as in *Peckham v State* (54 AD2d 599, decided herewith). (Appeal from judgment of Court of Claims—negligence—highway.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ SARAH J. PECKHAM, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 56998.) (Appeal No. 5.)—Judgment unanimously affirmed. Same memorandum as in *Peckham v State* (54 AD2d 599, decided herewith). (Appeal from judgment of Court of Claims—negligence—highway.) Present —Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ GEORGE PECKHAM et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 57651.) (Appeal No. 6.)—Judgment unanimously affirmed, with costs. Same memorandum as in *Peckham v State* (54 AD2d 599, decided herewith). (Appeal from judgment of Court of Claims—negligence—highway.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ In the Matter of STANLEY CHUDZIK, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment unanimously affirmed, without costs, on the memorandum at Special Term. (Appeal from judgment of Erie Supreme Court—article 78.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS BLOETH, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed on the memorandum opinion at Special Term. (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS BLOETH, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed on the memorandum opinion at Special Term. (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ In the Matter of JAMES E. ROBINSON, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: In this habeas corpus proceeding relator contends that the reasons given by the Board of Parole in denying him parole are insufficient to comply with the requirements of subdivision 6 of section 214 of the Correction Law and fail to satisfy constitutional due process guarantees. He seeks release from custody. Special Term properly treated the petition as an article 78 proceeding *(People ex rel. Miller v Regan,* 54 AD2d 605 [Sept. 24, 1976]) and denied the application. The reasons for denial were as follows: "(1) your criminal history; (2) repetitive parole violator; (3) you have not participated in available programs which would be beneficial to your rehabilitation; (4) there are no indications in the reports nor was it demonstrated during the interview that you would remain crime free if released at this time." The essential facts to support reason four do not appear in the record on this appeal. Nevertheless, the first three reasons are sufficient (see *Matter of Watkins v Caldwell,* 54 AD2d 42 [Sept. 24, 1976]). (Appeal from judgment of